# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Cavasseaire Tidell Dykes,

          Petitioner,      Case No. 17-cv-13617

v.                                Judith E. Levy
                                United States District Judge

Randall Haas,
                                Mag. Judge Anthony P. Patti
         Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR BOND [4]

Michigan prisoner Cavasseaire Tidell Dykes ("Petitioner") filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his convictions for first-degree home invasion, possession of a firearm by a felon, felonious assault, felony firearm, unlawful imprisonment, and domestic violence. He also brings a motion for bond, which is now before the Court.

"There will be few occasions where a prisoner will meet th[e] standard" for release pending review of a petition for habeas corpus. *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). To qualify for release, a petitioner must show: (1) a substantial claim of law based on the facts surrounding the petition, and (2) the existence of "some circumstance

making the [motion for bond] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S. Ct. 3, 5 (1964); *see also Dotson*, 900 F.2d at 79. "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

Petitioner argues that he satisfies the first factor because he has raised substantial claims of law regarding his claims that the prosecutor engaged in misconduct and that his attorney rendered ineffective assistance. He raised these claims on direct appeal in the state court, and the state court affirmed his conviction.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (*citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In addition, to show that a state court's determination of the facts was unreasonable, it is insufficient that "the federal habeas court would have

2

reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290 (2010). Instead, the petitioner must show "that the state court's presumptively correct factual findings are rebutted by 'clear and convincing evidence' and do not have support in the record." *Matthews v. Ishee*, 486 F.3d 883, 889 (6th Cir. 2007) (quoting 28 § 2254(e)(1)).

Here, Petitioner challenges a presumptively valid state court conviction that was affirmed on state court direct review, but has not demonstrated that "the state court's presumptively correct factual findings . . . do not have support in the record." *See id.* Accordingly, he has not satisfied the first factor of the two part test for bond pending consideration of a habeas petition. *See Dotson,* 900 F.2d at 79.

Petitioner's motion also does not satisfy the second element of the analysis. He argues that his motion is "exceptional and deserving of special treatment in the interests of justice" because he will be irreparably harmed if he is held without bond. *See Aronson*, 85 S. Ct. at 5. He states that he is subject to psychological stresses attendant to his incarceration. He also seeks to be reunited with his fiancée and young children. But, these considerations do not distinguish Petitioner's situation from that of many other habeas petitioners.

In addition, those factors are relevant to state courts in deciding whether to grant release on bail pending trial or appeal, but are not relevant here because Petitioner's conviction is final and presumptively valid. *See Aceval v. MacLaren,* No. 2:12-cv-1-897, 2015 WL 540615, *2 (E.D. Mich. Feb. 10, 2015) ("The loss of liberties such as employment, familial relations, and medical care from providers of his choice are ordinary circumstances incident to incarceration" and do not support release on bail pending resolution of a habeas petition.); *Ferrell v. Carr*, No. CIV-07-0261-HE, 2007 WL 4591275, *6 (W.D. Okla. Dec. 28, 2007) (denying habeas petitioner's motion for bond pending adjudication of petition and finding that petitioner's ties to the community and commitment to wife and children placed him in a similar situation to many fellow inmates); *Villa v. Straub,* No. 502-cv-128, 2005 WL 1875091, *1 (W.D. Mich. Aug. 5, 2005) (habeas petitioner's argument for bond based, *inter alia*, on strong family ties was "neither unique nor compelling"). Accordingly, Petitioner has not identified any circumstances that make his motion "exceptional." *See Aronson*, 85 S. Ct. at 5.

For the reasons set forth above, Petitioner's Motion for Bond (Dkt. 4) is DENIED.

IT IS SO ORDERED.

Dated: August 15, 2018　　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 15, 2018.

　　　　　　　　　　　　　　　　　　s/Shawna Burns
　　　　　　　　　　　　　　　　　　SHAWNA BURNS
　　　　　　　　　　　　　　　　　　Case Manager