UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Cavasseaire Tidell Dykes,

      Petitioner,  Case No. 17-cv-13617

v.           Judith E. Levy
           United States District Judge
Randall Haas,
           Mag. Judge Anthony P. Patti
      Respondents.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO EXPAND THE RECORD [16] AND MOTION FOR EVIDENTIARY HEARING [18]**

Michigan state prisoner Cavasseaire Tidell Dykes filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his convictions for first-degree home invasion, Mich. Comp. Laws § 750.110a(2), felon in possession of a firearm, Mich. Comp. Laws §750.224f, felonious assault, Mich. Comp. Laws § 750.82, possession of a firearm during commission of a felony, Mich. Comp. Laws § 750.227b, unlawful imprisonment, Mich. Comp. Laws § 750.349b, and domestic violence, Mich. Comp. Laws § 750.81(2). Now before the Court are Petitioner's Motion to Expand the Record (ECF No. 16) and Motion for

Evidentiary Hearing (ECF No. 18). The Court denies the motions because the state court adjudicated these claims on the merits.

Petitioner seeks to expand the record to include the following documents related to the criminal history of the victim in his case, Kellie Diann Jackson: nine Flint Police Department records related to criminal charges filed against Kellie Diann Jackson (including booking cards, arrest reports, and citations); a Flint Police Department "Detail Call for Service Report" related to a 2009 emergency call placed by Jackson; and Freedom of Information Act requests by Petitioner. (ECF No. 16, PageID.1355-1357.) Petitioner argues that these documents will support his claims that the prosecutor withheld evidence of Jackson's criminal history, which included crimes involving dishonesty, and that his attorney was ineffective in failing to discover Jackson's criminal history. He also seeks an evidentiary hearing to present evidence supporting these claims. (ECF No. 18.)

Rule 7 of the Rules Governing Section 2254 Cases allows parties to expand the record with leave of the court by "submitting additional materials relating to the petition." Rules Governing § 2254 Cases, Rule 7. Under Rule 8, the Court must "determine whether an evidentiary

hearing is warranted" after reviewing the relevant state court record, petition, and answer. Rules Governing § 2254 Cases, Rule 8. But when a claim has been adjudicated on the merits in state court, the Court must limit habeas review to the record that was before the court that adjudicated the claim on the merits. 28 U.S.C. § 2254(d)(1); *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). The Michigan Court of Appeals addressed the merits of Petitioner's prosecutorial misconduct and ineffective assistance of counsel claims. *See People v. Dykes*, No. 323944, 2016 WL 716789 (Mich. Ct. App. Feb. 23, 2016). Therefore, the Court must decide these claims on the record that was before the Michigan Court of Appeals.

Section 2254(e)(2) does not change this result. 28 U.S.C. § 2254(e)(2) allows a federal district court to hold an evidentiary hearing under limited circumstances. But as the Supreme Court suggested in *Cullen* and as the Sixth Circuit later recognized, 28 U.S.C. § 2254(e)(2) applies only "where § 2254(d) does not federal bar habeas relief." *See Cullen v. Pinholster*, 563 U.S. at 185; *Hodges v. Colson*, 727 F.3d 517, 541 (6th Cir. 2013). 28 U.S.C. §§ 2254(d)(1) and (e)(2) "ensure that '[f]ederal courts sitting in habeas are not an alternative forum for trying facts and

issues which a prisoner made insufficient effort to pursue in state proceedings.'" *Cullen*, 563 U.S. at 187 (*quoting Williams v. Taylor*, 529 U.S. 420, 437 (2000)). Petitioner's request for an evidentiary hearing under 2254(e) is premature. The Court will limit its § 2254(d) review to the record that was before the Michigan Court of Appeals. If the Court finds that § 2254(d) does not bar habeas relief, Petitioner may renew, and the Court will reconsider, his motions.

For the reasons stated, the Court **DENIES** Petitioner's Motion to Expand the Record (ECF No. 16) and Motion for Evidentiary Hearing (ECF No. 18).

IT IS SO ORDERED.

| | |
|---|---|
| Dated: March 12, 2020<br>Ann Arbor, Michigan | s/Judith E. Levy<br>JUDITH E. LEVY<br>United States District Judge |

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 12, 2020.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
